Porter v. Porter.

Transcript from a Justice of the Peace.—Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

David G. Robertson and Dummer & Maltman, attorneys for appellant.

Parker & Pain, attorneys for appellee.

## Robert Porter v. Mary A. Porter.

1. Solicitor's Fees—*Order for, Pending an Appeal.*—A court has the right to make an order for the payment of solicitor's fees, pending an appeal of the main case, and it is only for an abuse of discretion that such an order will be set aside by an Appellate Court.

Bill for Separate Maintenance.—Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

THORNTON & CHANCELLOR, attorneys for appellant.

THOMPSON & McCASLIN, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This is an appeal from an order entered April 11, 1895, for the payment of $175 to the appellee for solicitor's fee, for services to be rendered in defense of an appeal which was taken to the last term of the Appellate Court.

A decree for separate maintenance was entered by the Superior Court in favor of the appellee, which was appealed by appellant to the last term of this court. Upon a hearing the decree was reversed and the appeal dismissed. During the pendency of that appeal an order for the payment of $175 as a solicitor's fee was entered by the Superior Court, from which order the present appeal is prosecuted.

Notwithstanding the pendency on appeal of the main case in this court, the order was one which the court had power to make. We do not think that in ordering the payment of $175 as a solicitor's fee, there was an abuse of discretion. Where the right to make such order exists, it is only for an abuse of discretion that the order will be set aside by an Appellate Court. Johnson v. Johnson, 125 Ill 150.

The order of the Superior Court is affirmed.